**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **James Moody**, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ JURY |
| | § | |
| **All About Luv-N-Care Inc.**, **Donna G. Miller** individually, and **Jerry T. Miller** individually, | § § § § | |
| Defendants. | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

All About Luv-N-Care Inc., Donna G. Miller, and Jerry T. Miller (together, "Defendants") violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay their house managers for minimum wages and for overtime. James Moody brings this collective action to recover the unpaid wages owed to him and other similarly situated employees resulting from this violation of law. Defendants also violated the FLSA by retaliating against Moody for asserting his rights protected under the FLSA.

### PARTIES

1. All About Luv-N-Care Inc. is a Texas For-Profit Corporation ("AALNC"), and may be served by delivering a summons directed at AALNC and a copy of this complaint, by any method authorized by Fed. R. Civ. P. 4, to its president and registered agent for service, Donna G. Miller, at its address registered with the Texas Secretary of State for service, 1404 N.

ORIGINAL COLLECTIVE ACTION COMPLAINT – Page 1

McDonald Street, Suite B, McKinney, Texas 75071, or at its principal place of business, 1406 N. McDonald Street, Suite B, McKinney, Texas 75071, or wherever she may be found.

2.      Defendant Donna G. Miller ("Donna Miller") is an individual residing in this district, by delivering a summons directed at Donna Miller and a copy of this complaint, by any method authorized by Fed. R. Civ. P. 4, to her at her residence, 4145 White Porch Lane, Plano, Texas 75024, or to her principal place of business, 1406 N. McDonald Street, Suite B, McKinney, Texas 75071, or wherever she may be found.  Donna Miller is the president, a corporate director, and, on information and belief, an owner of Defendant AALNC.

3.      Defendant Jerry T. Miller ("Jerry Miller") is an individual residing in this district, by delivering a summons directed at Jerry Miller and a copy of this complaint, by any method authorized by Fed. R. Civ. P. 4, to her at her residence, 4145 White Porch Lane, Plano, Texas 75024, or to his principal place of business, 1406 N. McDonald Street, Suite B, McKinney, Texas 75071, or wherever he may be found.  Jerry Miller is the secretary, a corporate director, and, on information and belief, an owner of Defendant AALNC.

4.      At all relevant times, Donna Miller and Jerry Miller (together, the "Millers") acted and act directly in the interest of AALNC in relation to its failure to pay overtime.  Thus, each of the Millers was and is an additional employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the FLSA and is jointly, severally, and individually liable for the unpaid wages, liquidated damages, and attorneys' fees, along with AALNC.

5.      Each of the Millers exercised operational control of AALNC by, among other things, controlling the company's finances and managing its employees.

6.      The Millers are the ultimate decision makers with respect to the classification and pay rates paid to Plaintiff and all others similarly situated.  The Millers directly managed and ran

the payroll for all of AALNC's employees, signed employees' paychecks, and directed employees' work schedules.

7.    The Millers had and have the authority to hire and fire Plaintiff and all others similarly situated.

8.    James Moody ("Plaintiff") worked for Defendants in Collin County, Texas, during the three year period preceding the filing of this Complaint.  He resides in Dallas County, Texas.  His consent to participate in this action is attached as Exhibit A.

9.    Plaintiff worked for Defendants as a House Supervisor from November 2015 until approximately April 5, 2016.  While his title was "House Supervisor," Plaintiff had no authority or involvement in hiring or firing other employees.  Plaintiff was not exempt from the overtime requirements of the FLSA.

10.    Plaintiff was paid on a salary basis of approximately $455 per week for all hours worked, including overtime hours.  Plaintiff did not receive any overtime pay, and for nearly every week of his employment, the hours Plaintiff worked result in his equivalent hourly rate to fall below $7.25 per hour.

11.    Each similarly situated person who participates as a plaintiff in this lawsuit ("Opt-in Plaintiff Class Member") will execute and file a Notice of Consent.  Individuals similarly situated to Plaintiff are the House Supervisors paid on a salary basis who were not paid at least $7.25 per hour worked and who work or have worked for Defendants more than forty (40) hours per workweek and were not paid overtime, from three years prior to the filing of this Complaint to the present (collectively, the "Members of the Class").

## JURISDICTION

12.     This Court has jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs have asserted a claim arising under federal law, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## VENUE

13.     Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b) because Defendants regularly conduct business in this District and the events forming the basis of the suit occurred in this District.

## FLSA COVERAGE

14.     At all times mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA.  29 U.S.C. § 203(d).

15.     At all times mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

16.     At all times mentioned, Defendants have been enterprises engaged in interstate commerce within the meaning of Section 3(s)(l) of the FLSA.  29 U.S.C. § 203(s)(l).  Defendants have had employees engaged in interstate commerce, and Defendants have had and have an annual gross volume of sales made or business done of not less than $500,000 during the relevant time period.

17.     At all times mentioned, Plaintiff and the Members of the Class were and/or are engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**FACTS**

18.     Defendants own and operate approximately fourteen residences for persons with mental or developmental disabilities in and around the Dallas-Fort Worth Metroplex, with dozens of employees.  Defendant AALNC is a healthcare provider registered with the U.S. Department of Health and Human Services' Centers for Medicare & Medicaid Services.  Defendant AALNC accepts payments from Medicare and from funds administered by the U.S. Social Security Administration.  On information and belief, Defendant AALNC also accepts payments from residents or their families through credit cards and insurance policies.  Defendants are well aware of the FLSA's requirements.

19.     Plaintiff's primary job duties were to provide care for the AALNC's residents, organize and administer their medications, prepare their meals, take them on recreational trips, take them to doctors' appointments, and shuttle them to and from their jobs.

20.     During the relevant time period, Plaintiff and the Members of the Class worked or work on average over forty (40) hours per week in exchange for a salary of $455 per week.

21.     Plaintiff regularly worked fifty (50) or more hours in a week and often worked as much as eighty (80) hours in a week.  Plaintiff's scheduled shift was from 3:00 p.m. to 11:00 p.m., Monday to Friday.  In most weeks, however, Plaintiff worked from 2:00 p.m. or 2:30 p.m. until 11:30 p.m. or 12:00 a.m., Monday to Friday.

22.     Plaintiff's regular shift represented the "day shift" where he was typically the only employee at that residence.  Other employees, paid hourly, worked the remaining shifts.  Plaintiff and these other employees performed the same primary job duties.

23.     Plaintiff had no responsibilities and no authority related to the finances of the residence.  He could not purchase supplies or set a budget for the residence.  Plaintiff also had no authority to hire or fire employees, or to set or alter their schedules.

24.     Outside of his normal schedule, Plaintiff regularly also worked the same shifts on Saturdays and Sundays, and worked at the residence as needed to respond to emergency maintenance needs or staff shortages.  He often was required to drive residents to and from doctors' appointments and their jobs.  Defendants instructed Plaintiff to not clock in for all of his time performing these job duties outside his normal schedule.

25.     Defendants' employees, including Plaintiff, other House Supervisors, and hourly staff, were also required to report to work for mandatory meetings and training sessions, but were instructed to not clock in for these times, and were therefore not paid for these times.  Defendants threatened to fire any employee who did not report to these meetings and training sessions.

26.     Plaintiff did not direct the work of other employees and had no authority or involvement in hiring or firing other employees.  He did not perform exempt work and was not otherwise exempt from the FLSA requirements to pay time and a half for time worked over forty (40) hours in a workweek.  In performing his duties, Plaintiff was an employee engaged in commerce handling and installing goods or materials that have been moved in and/or produced for commerce within the meaning of the FLSA.

27.     Plaintiff is aware of other current and former employees who are similarly situated in that they are employees known as Home Managers who are not paid for all hours worked and are not exempt.  Defendants have implemented and applied the same policies for their employees who work as Home Managers.  Therefore, pursuant to 29 U.S.C. § 219(b), Plaintiff sues on behalf of himself and all other employees regardless of their title who are similarly situated

employees.  Plaintiff also requests that the Court authorize their counsel to provide notice to similarly situated employees without regard to their job title during the pendency of this action and apprise them of their right to join this lawsuit.

28.     Defendants' conduct described above constitutes willful and intentional violations of the FLSA.  Defendants were aware of their responsibility to pay Plaintiff for all hours worked, including all overtime paid at one and one-half times the regular rate.  Indeed, Defendants required Plaintiff to clock in and out through the use of a telephone system, used to track the times employees are working.  Accordingly, Defendants were well aware of the number of hours their employees work, but Defendants still refused to pay for all hours worked.

## INDIVIDUAL ALLEGATIONS

29.     Section 6(a)(1)(C) of the FLSA, 29 U.S.C. § 206(a)(1)(C), provides:

> "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages … not less than … $7.25 an hour[.]"

30.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a), provides:

> "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31.     During the relevant period, Plaintiff's compensation of $455 per week resulted in him not being paid at least the minimum wage of $7.25 per hour under Section 6(a)(1)(C) of the FLSA, 29 U.S.C. § 206(a)(1)(C).

32.     During the relevant period, Plaintiff regularly worked more than forty hours in a workweek.  He was entitled to be paid overtime compensation as provided under Section 7(a) of the FLSA, 29 U.S.C § 207(a), for all hours worked in excess of forty hours in a workweek.

33.     No exemption excused Defendants from paying Plaintiff overtime compensation and the minimum wage, and Defendants have not made a good faith effort to comply with the FLSA.  Defendants instead knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding the amount Plaintiff was paid.  Defendants' failure to pay Plaintiff the minimum wage and for all overtime worked is and was a clear violation of the FLSA.

34.     Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), provides:

> "[I]t shall be unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA.]"

35.     On or about April 5, 2016, Plaintiff complained to Defendant Jerry T. Miler related to the fairness of his wages and Defendants' nonpayment of overtime.  In response, Defendants immediately demoted and discharged Plaintiff because of his assertion of his rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

36.     The Members of the Class had similar schedules and responsibilities as Plaintiff. The Members of the Class were subjected to the same pay practices and policies as Plaintiff.

37.     Although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.  The Members of the Class are similarly situated in terms of pay provisions.

ORIGINAL COLLECTIVE ACTION COMPLAINT – Page 8

38.     Defendants' failure to pay minimum wage and overtime compensation as required by the FLSA results from generally applicable policy, practices, and enforced job requirements that do not depend on the personal circumstances of the Members of the Class.  The generally applicable policies are specifically prohibited by the FLSA.  Thus, Plaintiff's experiences are typical of the experience of the Members of the Class.

39.     No justification exists for Defendants' failure to pay the Members of the Class the minimum wage and overtime.  Likewise, no exemption exists to excuse Defendants' failure to pay the minimum wage and overtime pay for all hours worked over forty hours per workweek.  Defendants have not made a good faith effort to comply with the FLSA with respect to the Members of the Class.  Instead, Defendants knowingly, willfully, with intent or with reckless disregard carried out an illegal pattern or practice regarding the amount the Members of the Class were paid.  Defendants' failure to pay the Members of the Class for all overtime worked is and was a clear, willful and intentional violation of the FLSA.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

40.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth in their entirety.

41.     During the relevant period, Defendants violated Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).  Plaintiff and Members of the Class work or worked more than forty hours in a week without receiving pay at one and one-half times their regular rates for all hours worked in excess of forty hours.  Defendants have acted willfully in failing to pay Plaintiff and the Members of the Class in accordance with the law.  *See* 29 U.S.C. § 255(a).

42.     Plaintiff and the Members of the Class are therefore entitled to their unpaid overtime wages at one and one-half times their regular pay for all hours worked in excess of forty hours in a workweek.

43.     Plaintiff and the Members of the Class are entitled to an additional amount equal to the amount of all of their unpaid overtime compensation as liquidated damages.

44.     Plaintiff and the Members of the Class also are entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest.  *See* 29 U.S.C. § 216(b).

## COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE (COLLECTIVE ACTION)

45.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth in their entirety.

46.     During the relevant period, Defendants violated Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).  Plaintiff and Members of the Class work or worked for Defendants in exchange for a salary that did not compensate them at a rate of at least $7.25 per hour worked.  Defendants have acted willfully in failing to pay Plaintiff and the Members of the Class in accordance with the law.  *See* 29 U.S.C. § 255(a).

47.     Plaintiff and the Members of the Class are therefore entitled to their unpaid minimum wages for all hours worked.

48.     Plaintiff and the Members of the Class are also entitled to an additional amount equal to the amount of all of their unpaid minimum wages as liquidated damages.

49.     Plaintiff and the Members of the Class also are entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest.  *See* 29 U.S.C. § 216(b).

## COUNT III: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## WRONGFUL DISCHARGE

50.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth in their entirety.

51.     Defendant violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).  Plaintiff engaged in protected activity by filing a complaint related to his compensation under the FLSA. As a direct and proximate result, Defendants discriminated against and discharged Plaintiff.

52.     Plaintiff is therefore entitled to such legal and equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.  *See* 29 U.S.C. § 216(b).

53.     Plaintiff is also entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest.  *See* 29 U.S.C. § 216(b).

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

### RELIEF SOUGHT

Plaintiffs and the Members of the Class request judgment against Defendants awarding:

a.     Unpaid overtime wages due to Plaintiff and the Opt-in Plaintiff Class Members;

b.     Liquidated damages equal in amount to the unpaid overtime wages due to Plaintiff and the Opt-in Plaintiff Class Members;

c.     Such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3) as to Plaintiff;

d.     Reasonable attorneys' fees;

e.     Costs and expenses;

f.      Pre-judgment and post-judgment interest at the highest rates allowed by law; and

g.      Such other relief as may be necessary and appropriate.


                        Respectfully Submitted,

                        */s/ Jennifer J. Spencer*
                        Jennifer J. Spencer
                        Attorney-in-Charge
                        State Bar No. 10474900
                        jspencer@spencerscottlaw.com
                        Mary L. Scott
                        State Bar No. 17906750
                        mscott@spencerscottlaw.com
                        James E. Hunnicutt
                        State Bar No. 24054252
                        jhunnicutt@spencerscottlaw.com
                        Spencer Scott pllc
                        Two Lincoln Centre
                        5420 LBJ Freeway, Suite 300
                        Dallas, Texas 75240-6271
                        (972) 458-5319 (Telephone)
                        (972) 770-2156 (Fax)

                        **ATTORNEYS FOR PLAINTIFF JAMES MOODY**

ORIGINAL COLLECTIVE ACTION COMPLAINT – Page 12